Dear Mr. Murray:
This office is in receipt of your opinion request wherein you inquire about the legality of the business activities of a for-profit corporation (the "Company") which provides a bill paying service to its clients that is marketed through independent representatives. Specifically, you ask whether these activities would be in violation of LSA R.S. 14:331 which prohibits debt adjusting when conducted for profit.
The information you provided indicates that the Company collects funds from its clients and distributes them to the clients' creditors according to an agreed upon schedule. Client funds are collected by an out-of-state bank utilizing electronic funds transfer where they earn interest until they are transferred to an account for disbursement to creditors by check.
You also advise that the Company does not counsel, advise, manage, or in any other way intervene in the personal financial affairs of its clients. The Company's clients do not deal with collection agencies nor do they labor under debt delinquency situations that would require legal assistance to mediate with creditors, and the Company does not negotiate alternative payment arrangements with creditors on behalf of debtors. The Company's service does not change the relationship between the client and the creditor in any way, nor does it have any relationship, contractual or otherwise, with any business for the purpose of collecting debts owed to them by consumers.
LSA R.S. 14:331 pertinently provides:
 " § 331. Prohibition of debt adjusting when conducted for profit A. Except as otherwise provided herein, no person shall engage in the business of debt adjusting.
 B. As used in this section, the following words and phrases shall have the following meaning, unless the context clearly indicates otherwise:
 (1) "Person" means an individual, corporation, partnership, trust, firm, association or other legal entity.
 (2) "Debt adjusting" means the making of a contract, express or implied, with a debtor whereby the debtor agrees to pay a certain amount of money or other thing of value periodically to the person engaged in the debt adjusting business who shall, for a consideration, distribute the same among certain specified creditors in accordance with a plan agreed upon. The term includes debt adjustment, budget counseling, debt management or debt pooling service or the holding of oneself out, by words of similar import, as providing services to debtors in the management of their debts and contracting with the debtor for a fee to (a) effect the adjustment, compromise, or discharge of any account, note, or other indebtedness, of the debtor, or (b) receive from the debtor and disperse to his creditors any money or other thing of value." (Emphasis added)
In applying the provisions of this statute to the facts presented, we look to the following rules of statutory construction:
The words of a law must be given their generally prevailing meaning. La. C.C. Art. 11. A statute should be given a construction according to fair import of its words taken in their usual sense, in connection with the context, and with reference to the purposes of the provisions. State v. Truby, 29 So.2d 758
(La. 1947).
Words and phrases shall be read with their context and shall be construed according to common and approved usage of language. R.S. 1:3. In determining legislative intent as expressed in a particular statute, all of the component parts of the statute must be considered together. Washington Parish Police Jury v.Washington Parish Hospital Service District No. 1, 152 So.2d 362
(La.App. 1st Cir. 1963), writ ref., 156 So.2d 883.
Although broadly written, the language of LSA R.S. 14:331 is, in our opinion, clear and unambiguous. As you have described the activities of the Company, the Company is not engaged in budget counseling, debt management or debt pooling, nor does the Company hold itself out as engaging in "the management of debts". Rather, the Company appears to merely provide a bill paying service as a convenience to its customers. As such, it is the opinion of this office that the business activities of the Company, as described, do not fall within the scope of the term "debt adjusting" as defined by LSA R.S. 14:331(B).
We trust the foregoing to be of assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv